DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, included in its Answer filed on October 14, 2008. Defendant contends Plaintiff's appeal was not timely filed under ORS 305.280(2) because it was not filed within 90 days from the date of the notice of assessment. The matter was heard by the court November 24, 2008. Plaintiff appeared on her own behalf. Defendant was represented by Jared Houser, a Department of Revenue (department) employee.
Plaintiff timely filed her 2007 state income tax return which, among other things, reported child care expenses of $2,900, claimed a child care credit of $870, and a working family credit of $1,160.
Defendant issued a Notice of Deficiency April 28, 2008, adjusting Plaintiff's 2007 return by denying the child care credit and working family credit. The deficiency changed Plaintiff's tax status from a claimed refund of $1400 to a tax owing of $301. Plaintiff spoke with someone at the department on May 6, 2008, about the option of filing a written objection. Defendant did not receive a written objection from Plaintiff and, on June 24, 2008, Defendant issued a Notice of Deficiency Assessment reflecting a $301 tax to pay, plus a five percent penalty and nominal interest ($5.24). In response, Plaintiff again telephoned the department on June 10, 2008, and *Page 2 
was advised at that time that her option was to file an appeal with the Magistrate Division of the Oregon Tax Court. The assessment notice included a statement of appeal rights advising Plaintiff that she had 90 days in which to appeal. That deadline was reiterated by a department employee during the June 10, 2008, telephone conversation.
The court received Plaintiff's appeal Complaint September 26, 2008. The postmark on the envelope containing Plaintiff's Complaint is not legible. Plaintiff insists she filed her appeal on time. However, when asked by the court, Plaintiff stated that she did not know there was a time limit.
ORS 305.280(2) provides that an appeal from a notice of assessment "shall be filed within 90 days after the date of the notice."[1]
Plaintiff's 90-day appeal deadline from the June 24, 2008, assessment was September 22, 2008. As indicated above, Plaintiff's Complaint was received by the court and filed on September 26, 2008, four days beyond the deadline.
ORS 305.418(1) provides that a complaint filed with the Tax Court "shall be deemed filed [either] (a) on the date shown by the post-office cancellation mark stamped upon the envelope containing it, or (b) on the date it was mailed if there is also mailed to the tax court a declaration of mailing, signed by the appealing party or the attorney of the appealing party and verified by oath or affirmation, subject to penalties for false swearing [.]" Plaintiff's Complaint did not include a declaration of mailing, and the date on the post-office cancellation mark is not legible. The Complaint is signed September 18, 2008, which was a Thursday, eight days prior to the date the court received that document. It is difficult to believe that an envelope mailed from Portland would take eight days to reach the court in Salem. Thus, it is apparent that Plaintiff did not mail her Complaint the date it was signed. *Page 3 
There are instances in which this court recognizes a three-day window for mailing. For example, Tax Court Rule-Magistrate Division (TCR-MD) 5, which governs the filing of a response to a Complaint, provides that "[i]f service is by mail, it shall be deemed complete three days after the date the document is mailed if the address to which it is mailed is within the state." Similarly, Tax Court Rule (TCR) 7 D(2)(d)(ii), which governs appeals from Magistrate Division Decisions, provides that service of a summons (required by appeals filed by other than taxpayers), is deemed complete "three days after the mailing if mailed to an address within the state[.]" While neither provision is specifically on point, they reflect the policy that in-state mail delivery is generally deemed to be accomplished within three days.
Given that Plaintiff failed to submit a declaration of mailing with her Complaint — "verified by oath or affirmation, subject to penalties for false swearing," as provided in ORS 305.418(1) — attesting to a mailing date prior to the September 22, 2008, statutory deadline in this case, and given that the three-day policy renders her Complaint late by one day, the court concludes that Plaintiff did not timely appeal. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed because Plaintiff did not timely appeal.
Dated this _____ day of January 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed. *Page 4 
 This document was signed by Magistrate Dan Robinson on January 13,2009. The court filed and entered this document on January 13, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2007 edition. *Page 1